United States District Court
District of Massachusetts

| | |
|---|---|
| **DiversiTech Corporation,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**RectorSeal, LLC, et al.,**  )<br>)<br>Defendants.  )<br>) | Civil Action No.<br>20-11896-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between DiversiTech Corporation ("DiversiTech" or "plaintiff") and RectorSeal, LLC, The RectorSeal Corporation and CSW Industrials, Inc. (collectively, "RectorSeal" or "defendants") regarding RectorSeal's alleged infringement of a patent held by DiversiTech.  Pending before the Court is defendants' motion to stay the instant action in its entirety pending review by the United States Patent and Trademark Office ("PTO") of a petition for inter partes review ("IPR") of the subject patent.

I.   **Background**

   **A. Factual Background**

   DiversiTech is a manufacturer and supplier of tools and hardware in the heating, ventilation, air conditioning and refrigeration (HVACR) industry and other related industries. RectorSeal likewise produces tools and hardware in the HVACR and plumbing industries.

   DiversiTech is presently assigned United States Patent No. 9,550,223 ("the '223 Patent") which was issued in January, 2017. The '223 Patent covers certain designs of flaring and swaging bits, which are used to connect metal tubes, and methods of using those bits.  DiversiTech alleges that RectorSeal has sold and continues to sell flaring and swaging products which infringe on the '223 Patent.  To recover damages for such purported infringement, plaintiff filed the instant action against Rectorseal in October, 2020.

   **B. Inter Partes Review**

   Congress created the IPR process by enactment of the American Invents Act of 2011. 35 U.S.C. §§ 311-319.  IPR is

>   an expedited procedure for challenging the validity of a
>   patent before the PTO and its Patent Trial and Appeal Board
>   ("PTAB").

ACQIS, LLC v. EMC Corp., 109 F. Supp. 3d 352, 355 (D. Mass. 2015).  A person who is not the owner of a patent may file a petition with the PTO to institute the IPR process, 35 U.S.C. § 311(a), and such review will be granted only if

> there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.

35 U.S.C. § 314(a).  Once review is granted, the PTO generally must reach a decision within one year. 35 U.S.C. § 316(a)(11).

In February, 2021, defendants filed an IPR petition challenging every asserted claim of the '223 Patent.  The PTO must determine whether to institute the IPR on or before September 9, 2021. See 35 U.S.C. § 314(b).

Defendants filed their motion to stay this action pending IPR in late March, 2021, which plaintiff timely opposed.  Since then, the parties have exchanged opening claim construction briefs but have not yet filed responsive briefs.  A claim construction hearing before this Court is scheduled to take place in August, 2021 and the Court intends to construe those claims promptly thereafter.

## II. Motion to Stay

### A. Legal Standard

Courts are authorized to manage their dockets and stay proceedings where appropriate, including during the pendency of an IPR before the PTO. See Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp., No. 15-cv-30005, 2016 U.S. Dist. LEXIS 56885, at *5 (D. Mass. Apr. 28, 2016) (internal citation omitted). To determine whether to stay a case pending IPR, courts consider three factors:

> (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

ACQIS, LLC, 109 F. Supp. 3d at 356 (internal citation omitted). Courts are to consider the totality of the circumstances and, although prior decisions may help guide the inquiry, such a determination is largely case specific. See id.

### B. Application

#### 1. Stage of the Litigation

First, the Court considers the stage of the litigation comprising the instant action and, specifically, whether discovery is complete and a trial date has been set. See Irwin

Indus. Tool Co., 2016 U.S. Dist. LEXIS 56885, at *6.  The goal is to determine "whether litigation has progressed significantly enough for a stay to be disfavored." PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).  "The earlier the stage of proceedings, the greater the reason" for a court to grant a stay. SurfCast, Inc. v. Microsoft Corp., No. 12-cv-333, 2014 U.S. Dist. LEXIS 160062, at *6 (D. Me. Nov. 14, 2014).

The Court recognizes that the parties have expended time, effort and expense with respect to the claim construction briefing that has occurred to date.  The fact remains, however, that no claim construction hearing has yet occurred, six months remain until the fact discovery deadline and expert discovery is not scheduled to be complete until three months thereafter. Furthermore, dispositive motions are not due until May, 2022, and, although a trial date has been set, it is more than one year hence.  Consequently,

> the most burdensome stages of the case[] — completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice — all lie in the future.

NST Global, LLC v. SIG Sauer Inc., No. 19-cv-792, 2020 U.S. Dist. LEXIS 50708, at *6 (D.N.H. Mar. 24, 2020) (internal citation omitted).

Measuring the stage of the litigation at the time defendants' motion to stay was filed, as many district courts find appropriate, see VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1317 (Fed. Cir. 2014) (collecting cases), increases the weight of this factor in support of staying the case. When defendants filed their motion to stay, fact discovery had barely begun and there had been no exchange of claim construction briefs.

Finally, other courts have stayed cases in which the litigation had advanced further than in the instant action. See ACQIS, LLC, 109 F. Supp. 3d at 357 (collecting cases where stays were imposed despite the completion of discovery and the issuance of claim construction orders). Because a stay could conserve the resources of the parties and the Court, the first factor weighs in favor of a stay.

**2. Simplification of the Issues**

Next, the Court considers whether a stay would simplify the issues and the trial of the case. The IPR process was designed by Congress

> to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.

IOENGINE, LLC v. PayPal Holdings, Inc., No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545, at *27-28 (D. Del. Aug. 21, 2019). There are several ways in which an IPR could simplify a patent infringement case. See In re Body Sci. LLC, No. 12-10536-FDS, 2012 U.S. Dist. LEXIS 158835, at *11 (D. Mass. Nov. 2, 2012) (listing seven advantages of IPR). A stay is favored where the outcome of the IPR

> would be likely to assist the court in determining patent validity and, if the claims were canceled . . . would eliminate the need to try the infringement issue.

ACQIS, LLC, 109 F. Supp. 3d at 357 (internal citation omitted). That is particularly true if all patent claims before this Court have been or will be presented to the PTO. See SurfCast, Inc., 2014 U.S. Dist. LEXIS 160062, at *7.

This Court is convinced that a brief stay will simplify the resolution of this case. In its IPR petition, RectorSeal sought review of all asserted patent claims, thereby presenting the "maximum potential for simplification of issues." Uniloc USA Inc. v. LG Electronics U.S.A. Inc., Nos. 18-cv-06737-JST, 18-cv-06739-JST, 18-cv-06740-JST, 2019 U.S. Dist. LEXIS 72002, at *12 (N.D. Ca. Apr. 29, 2019). Any claims ultimately invalidated by the PTO would no longer be relevant in this action and RectorSeal will be further estopped in its defense from presenting to the Court "any ground that [it] raised or

reasonably could have raised during [the IPR]." 35 U.S.C. § 315(e)(2).

That the PTO has not yet made a decision regarding whether to institute IPR does not significantly alter the analysis. While some courts typically deny requests for stays when such requests are filed before the IPR is instituted, that rule is "hardly universal" and many other courts have stayed cases before the institution of IPR. See NST Global, LLC, 2020 U.S. Dist. LEXIS 50708, at *9 (collecting cases). As in other cases involving pre-institution stays, the stay here will be brief if the PTO rejects the IPR petition. A stay will also save resources should the PTO institute IPR between the time of the upcoming Markman hearing and this Court's subsequent claim construction order.

Accordingly, the second factor weighs in favor of a stay.

### 3.  Undue Prejudice or Clear Tactical Disadvantage

Finally, the Court considers whether a stay would unduly prejudice or present a clear tactical disadvantage to DiversiTech. Undue prejudice requires a showing of something more than mere delay such as

> a dilatory motive on the part of the party seeking a stay, unavailability of legal remedies once the stay is lifted,

      or the parties' relationship as direct competitors in the marketplace.

Teva Pharms. Int'l GMBH v. Eli Lilly & Co., No. 18-cv-12029-ADB, 2019 U.S. Dist. LEXIS 67575, at *18-19 (D. Mass. Apr. 22, 2019). Even where the parties are direct competitors, the presence of other active firms in the relevant market decreases the likelihood of prejudice to the nonmoving party. See id. at *21.

    Although RectorSeal observes that no evidence has been presented to suggest that the parties compete for the same customers or contracts, it is clear from the allegations in the complaint that the parties sell similar products in the same market. As direct competitors, the Court presumes that DiversiTech will suffer some amount of prejudice from a stay.

    Any potential harm to DiversiTech is mitigated, however, by the presence of other companies selling similar products in the same market as the parties in the instant action. The brief nature of the stay would also lessen any harm resulting from the ongoing competition and the delay in the enforcement of DiversiTech's purported patent rights. Furthermore, there is no evidence that RectorSeal has a dilatory motive or that DiversiTech will lose any legal remedies as a result of a stay.

The third factor is, therefore, neutral or weighs slightly against a stay.  Balancing the three factors, the Court concludes that the issuance of a stay is warranted.

### ORDER

For the foregoing reasons, the motion of RectorSeal, LLC, The RectorSeal Corporation and CSW Industrials, Inc. to stay the action pending inter partes review of the subject patent (Docket No. 36) is **ALLOWED**.  The parties are directed to file a joint status report on or before October 31, 2021.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 14, 2021